FILED
United States Court of Appeals
Tenth Circuit

April 8, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR E. PENNINGTON, II,

       Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

       Respondent - Appellee.

No. 14-5108
(D.C. No. 4:11-CV-00269-GKF-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

      Petitioner Arthur Pennington II, a state prisoner represented by counsel, seeks a

certificate of appealability to appeal the district court's denial of his § 2254 habeas

petition.

      Petitioner pled guilty to several drug-related charges in an Oklahoma state court

and was sentenced to multiple concurrent prison terms, including one of life

imprisonment.   He was unsuccessful in his attempts to challenge his conviction on appeal

and through several state post-conviction motions.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner then filed the instant § 2254 petition in the federal district court. After filing his initial petition, Petitioner retained counsel who filed an amended habeas petition raising three claims for relief: (1) the trial court violated Petitioner's Sixth Amendment right to a jury trial; (2) Petitioner was coerced into pleading guilty and denied effective assistance of trial counsel; (3) Petitioner was denied effective assistance of appellate counsel.

The district court reviewed the record and concluded that Petitioner was not entitled to relief on his claim relating to his guilty plea because he had not presented clear and convincing evidence to rebut the state court's factual finding that his plea was entered voluntarily. *See* 28 U.S.C. § 2254(e)(1). The district court then concluded that Petitioner's other habeas claims were all procedurally barred. Petitioner first presented these claims to the Oklahoma Court of Criminal Appeals in an appeal from the denial of his second application for post-conviction relief, and the OCCA affirmed the denial of these claims as procedurally barred because Petitioner failed to present these claims in the initial appeal or in an appeal from the denial of his first application for post-conviction relief. The district court concluded that this procedural denial was based on an independent and adequate state ground and Petitioner had not established cause and prejudice or made a showing of actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The court accordingly denied these claims based on the state procedural bar.

In his request for a certificate of appealability, Petitioner objects only to the district

court's application of the state procedural bar. Petitioner contends that a state procedural bar may never be used to prevent the consideration of federal constitutional issues, since substantive due process requires consideration of all federal constitutional claims on their merits regardless of any procedural default. None of the authorities cited by Petitioner support his argument, which runs counter to decades of well-established law. Petitioner next argues that the district court erred in finding the state procedural bar to be adequate. In essence, Petitioner disagrees with the way the Supreme Court has defined the term "adequate," but his arguments are foreclosed by well-established precedent. The district court correctly found the state procedural bar to be adequate based on the fact it is firmly established and regularly followed. *See Black v. Workman*, 682 F.3d 880, 916-17 (10th Cir. 2012). Finally, Appellant relies on *Black v. Workman* to argue the state procedural bar is not an independent state ground because the state court failed to consider federal constitutional issues before applying the state procedural bar. However, the state court's non-consideration of federal questions actually establishes, rather than undermines, the independence of the state procedural bar. *See id.* at 918-19. The district court correctly found the state procedural bar to be based on an independent state ground because state law provided "the exclusive basis for the state court's holding." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995).

Reasonable jurists would not debate the district court's resolution of this case. *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** Petitioner's request

for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge