**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MAURICE TUBBS,

　　　　Petitioner - Appellant,

v.

TIM WILKINSON, Warden, Davis
Correctional Facility,

　　　　Respondent - Appellee.

No. 15-6017
(D.C. No. 5:14-CV-01282-F)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

　　　　Petitioner Maurice Tubbs, a state prisoner represented by counsel, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition.

　　　　Following an Oklahoma jury trial, Petitioner was convicted of murder and sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals affirmed his conviction and sentence. Petitioner then filed an application for post-conviction relief, in which he raised claims of ineffective assistance of trial

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and appellate counsel. The state district court denied the application for post-conviction relief, and the OCCA affirmed, holding that Petitioner's claims of ineffective assistance of trial counsel were barred because they should have been raised on direct appeal and that his ineffective assistance of appellate counsel claim failed under *Strickland v. Washington*, 466 U.S. 668 (1984) (setting out the two-part test for ineffective assistance of counsel claims).

Petitioner then filed the instant petition for federal habeas relief, in which he raised the same claims of ineffective assistance of trial and appellate counsel. A magistrate judge reviewed Petitioner's claims and concluded that his claims of ineffective assistance of trial counsel were procedurally barred from federal habeas review by the OCCA's application of an independent and adequate state procedural ground, namely the failure to raise the claims on direct appeal. The magistrate judge further concluded that Petitioner's allegations of ineffective assistance of appellate counsel—which were based only on appellate counsel's failure to raise Petitioner's claims of ineffective assistance of trial counsel in the direct appeal—were insufficient to establish cause for the procedural default of his underlying ineffective assistance of trial counsel claims. The magistrate judge therefore recommended that the district court deny the habeas petition. Following a de novo review of the matter, the district court adopted the magistrate judge's Report and Recommendation and accordingly denied Petitioner's habeas petition.

Petitioner now seeks a certificate of appealability on the ground that state

procedural bars may not be applied to prevent consideration of federal constitutional issues.  Petitioner's counsel raised the same argument in an appeal which we resolved approximately one month before counsel filed his opening brief in this case, in *Pennington v. McCollum*, 599 F. App'x 843 (10th Cir. 2015), and we find this argument no more persuasive now.  As we previously stated, "[n]one of the authorities cited by Petitioner support his argument, which runs counter to decades of well-established law." *Id.* at 844.

Petitioner fails to raise any non-frivolous arguments for relief, and we accordingly conclude that reasonable jurists would not debate the district court's resolution of this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge
